CONTINENTAL INSURANCE CO. V. W. D. PRUITT ET AL.

(Case No. 1909)

1. EVIDENCE—COPY.—See statement of case for proof held sufficient, to show that an original instrument could not be produced, and to allow the introduction of a copy in evidence.

2. INSURANCE—SCHEDULE.—In suing an insurance company for loss by fire, when it is necessary to prove that proof of loss was made, an exhibit of the papers by which this proof was made would, with the other necessary proof, be all sufficient, whether such papers contained the original schedule made out, or a copy of it.

3. EVIDENCE.—When it was admissible for a witness to state her surroundings, what she saw, and the impressions thereby made upon her mind, at a particular time, if she at the time gave utterance to those impressions, it was proper to allow her to state what those utterances were.

4. SAME.—In a suit against a fire insurance company, where it was admissible to show the condition of the burning house at any given time, a witness might fix the time by any incident, as by the time he escaped from the ruins ; and he might state, that when he escaped, the fire had so far advanced as to render it impossible to rescue other parties, the positions they occupied in the building being otherwise shown.

5. RES GESTAE—SAME.—It was inadmissible to prove declarations of a deceased person made, sometime prior to the burning, as to the condition of the building.

6. SAME—EXPERTS.—An experienced contractor and builder, acquainted with the construction and materials of the house, might give his opinion, as an expert, as to whether or not the walls were sufficient to sustain the building.

7. INSURANCE—STORAGE.—An insurance of a hotel and its furniture, etc., did not cover "goods held on storage." *Held*, that furniture, etc., stored in the hotel, to be used or consumed in the business of the hotel, was not within the meaning of the exemption. (May on Ins., sec. 242.)

8. CHARGE—EVIDENCE.—A charge must be considered as a whole, and repetition is not ground for reversal, unless it could have influenced the jury to believe that the court entertained a particular view as to what the evidence established.

9. CASE CITED.—Liverpool and London and Globe Ins. Co. *v.* Ende, decided at this term, referred to, and approved.

APPEAL from Hunt. Tried below before the Hon. F. B. Sexton, special judge.

Appellees, plaintiffs below, brought this suit against appellant to recover the sum of $2,500, with interest, on a policy of insurance against loss or damage by fire upon hotel and kitchen furniture, beds, bedding, tables, table-ware, chairs, washstands, bureaus, wardrobes, and other furniture usually kept and used in hotels. The goods were contained in the three-story metal roof brick building, known as the Ende hotel, situated in Greenville, Texas. The policy was issued by appellant on January 2, 1883.

Appellees claim that the goods were destroyed by fire on April 7, 1883. This appellant denies, as well as its liability for the destruction of the goods, and claims that the building in which the goods were, fell, not as the result of a fire, but from other causes, and that by one of the conditions upon which the policy was issued the contract of insurance, both upon the building and its contents, thereby ceased and determined ; and that if the goods were destroyed by fire, it was after the termination of the insurance, and after they had become a mass of ruins, together with the debris of the fallen building, and valueless. The case was tried with a jury at the July term, 1885, of Hunt county district court, and resulted in verdict and judgment for appellees for $2,875, with eight per cent. interest per annum.

First assignment of error. The court erred in permitting witness, J. A. B. Putman, to testify that the schedule of the goods alleged to

have been destroyed was a copy of the original schedule furnished him by plaintiff, Pruitt, as is apparent from bill of exceptions.

Judge Putnam said, in substance, that as an attorney at law he had made out the proof of loss for appellees; that he copied the schedule or list of property destroyed from a list furnished by appellee, Pruitt; that the list attached by the proof of loss was an exact and correct copy of the list furnished him by Pruitt; that he retained the original list, of which the one attached to the proof of loss is a true copy; that he and Mr. Hunter were partners at the time; also, that Mr. Templeton was afterwards a partner of theirs; that the papers of Hunter & Putman's old firm were kept separate, and that Mr. Templeton had nothing to do with the old firm's papers; that they had a clerk, who had nothing to do with Hunter & Putman's papers, they being kept separate; that he had searched the office for the paper and been unable to find it; that his office had been moved twice—once during his absence; that he had never inquired of Mr. Hunter for the paper, because he (witness) had it after Mr. Hunter had left; that he never asked Mr. Templeton or the clerk for the paper, because they had nothing to do with it, their papers being kept separate. The paper might be in his office, but having made careful search for it among the papers in his office, he was unable to find it.

Second and fourth assignments of error. The court erred in permitting Mrs. Ende to testify that after the building had fallen, and before she and her family were extricated, that she exclaimed that they would all be burned up.

The court further erred in permitting plaintiff, W. D. Pruitt, to testify that when he had gotten out of the ruins and found that his mother and brother had not been saved, that at that time the fire had consumed the larger part of the building, so that it was impossible to save them.

Fifth assignment of error. The court erred in refusing to permit defendant to prove by witness, Turner, that he had heard Miss Lou Davis, who lost her life in the disaster, speak of the cracks in the walls of the building and of the falling off of the plaster, so that she had to be continually sweeping, after defendant proved that Miss Lou Davis was chambermaid at the hotel at the time of the destruction, and that it was a part of her business to sweep the hotel.

Sixth assignment of error. The court erred in permitting witness, J. M. Ellis, to testify that the walls of the Ende hotel building were sufficient to maintain the building.

*Perkins, Gilbert & Perkins*, and *Brooks & Looney*, for appellant, on

the introduction of the copy of schedule, cited: Cotton v. Campbell, 3 Tex., 493; 1 Greenl. Ev., 82.

On *res gestae*, they cited: Moody & Jamison v. Gardener, 42 Tex., 411.

On expert testimony, they cited: I. & G. N. R'y Co. v. Nicholson, 61 Tex., 550; Stephen's Ev., chap. 5, art. 49, pp. 64, 65; Muldowry v. Ill. Cent. R'y Co., 36 Ia., 472.

*Mathews & Neyland* and *Terhune & Yoakum*, for appellees, on the introduction of the copy of schedule, cited: Clifton v. Lilly, 12 Tex., 130; 1 Greenl. Ev., sec. 558.

STAYTON, ASSOCIATE JUSTICE.—If it was important or necessary that the schedule of property destroyed, which was furnished by Pruitt to his attorney to enable him to make up the proof of loss, should be produced or its non-production accounted for, before the copy made by the witness and attached to the proof of loss could be introduced, we are of the opinion that the proof made was sufficient to show that the original schedule could not be produced.

But we do not see how this could become a material question; the thing to be proved was that proof of loss was made, and an exhibit of the papers by which this was made would, with the other necessary proof, be all sufficient, whether the papers contained the original or first schedule made out or a copy of it.

Mrs. Ende testified what she heard and saw while confined in the ruins of the building, and if she stated that while her life, with the lives of her children, was imperilled by seen danger, that she then exclaimed, "they would all be burned up," we do not see that the evidence was objectionable. The witness was but stating her surroundings, what she saw, and the impression thereby made upon her mind, and if she at the time gave utterance to these impressions, that was a fact tending to show that her impressions were those made at the very time, when in this case it becomes important to know what the condition of the building was, and that the impressions were not the result of something which subsequently transpired.

The witness Pruitt might with propriety be permitted to state what the condition of the house was at any given time, and this he might fix by any incident—as by the time he escaped from the ruins, and the fact that he stated that when he escaped the fire had so far advanced as to render it impossible to rescue his mother and brother; the positions they occupied in the house, being otherwise shown, was

but the statement of a fact showing the extent and progress of the fire at that time.

The declarations of Miss Davis, made at some time anterior to the burning of the house, had no such relation to the issue to be proved in this case, by reason of their being declarations contemporaneous with the main fact to be proved, or for any other reason as would make such declarations *res gestœ*.

If the inquiry in this case was why she did a certain act, or why she was in a given place at a certain time, then her declarations made at the time would have been illustrative of her act, and would have constituted *res gestœ*. But no such question is involved in this case, and there is nothing to relieve her declarations from the rule which forbids the reception of hearsay.

The witness Ellis was shown to be a builder and contractor of about twelve years' experience, who had erected buildings, public and private, of like and greater dimensions. He was shown to· be familiar with the construction and dimensions of the wall and other parts of the building insured by the policy sued upon, and with the material used, and we see no reason to doubt his competency to give an opinion as an expert, and especially so when the facts are stated on which the opinion is based. 1 Greenl. Ev., 440.

Persons so skilled and informed have knowledge not possessed by those who have had no experience in the business which makes knowledge a necessity. Such persons may be said to be "persons instructed by experience," and their evidence admissible, its weight to be determined by the jury.

Special charges numbers one and two, requested by the defendant, were refused upon the ground that they were substantially embraced in the charge of the court, and an inspection of the charges shows this to be true.

The court charged the jury that the "plaintiffs are not entitled to recover for the value of any property which was stored but not kept for use in the hotel, but they are entitled to recover for any stored or kept for use, even though it may not have been actually in use at the time of its destruction."

The policy did not cover "goods held on storage."

The evidence showed that the goods for the value of which recovery was sought, were such as were actually in use in the hotel at the time of the fire, or such as were there to be used in the business of the hotel whenever its patronage made such use necessary. They were the property of the insured, and consisted of such articles as were

contemplated to be covered by the policy. The deposit was merely incidental, with a view to be used or consumed in the business of the hotel, and we are of the opinion that they could not be said to be "goods held on storage" within the meaning of the policy. May on Ins., sec., 242.

Qualified as above stated, the charges referred to in the tenth and eleventh assignments of error were correct, as matters of law, and applicable to the issues made by the pleadings and evidence.

The policy contained a clause which provided: "If a building shall fall, except as the result of fire, all insurance on its contents shall immediately cease and determine."

One of the objections made to the charge set out in the tenth assignment is, that it did not clearly inform the jury that to entitle the plaintiff to recover it must appear that fire alone destroyed the building and goods, and that if the building fell from some cause other than fire, and the goods were afterwards burned, then they could not recover.

The eleventh assignment then complains that the court afterwards instructed the jury, "if fire produced the fall of the building, if it did fall, then plaintiffs are entitled to recover," and this objection is based on the ground that in the charge last referred to, the court repeated the charge, thus giving this matter too much prominence.

The former assignment is a complete answer to the latter.

The charge taken as an entirety fairly presented the question to the jury, and so, without any such repetition as could have influenced the jury to believe that the court entertained any particular view as to what the evidence established.

The most prominent issue in the case was as to whether fire caused the fall and the destruction of the house, or whether it fell from some other cause, and, with the goods, was subsequently destroyed by fire.

The other assignments relate to instructions given to the jury in reference to their consideration of the evidence, and as to the amount of evidence necessary to be produced by the plaintiffs to entitle them to a verdict.

These charges were the same as given in the case of the Liverpool and London and Globe Insurance Company v. Ende, this day decided, and we do not deem it necessary to give our views further upon these questions than we have in the case referred to.

We find no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered November 13, 1885.]