## FOURTH DISTRICT, 1895.

### C. M. CADWALLADER ET AL. V. N. LOVECE.

#### No. 560.

1. **Appeal—Jurisdiction of Courts of Civil Appeals—Amount in Controversy.**—The Courts of Civil Appeals are given jurisdiction of all cases of which the District Courts have original or appellate jurisdiction, irrespective of the limitations as to the amount in controversy which are prescribed with reference to appeals from the County Courts; and hence, where the District Court of a given county has been vested also with the County Court jurisdiction, an appeal may be taken from such District Court regardless of the restrictions as to the amount of the judgment or matters in controversy that would have obtained had the cause been tried in the County Court.

2. **Practice on Appeal—Bills of Exceptions.**—The appellate court will not review the action of the trial court in overruling special pleas heard in limine, in the absence of bills of exceptions showing the testimony upon which the rulings were based.

3. **Forcible Entry and Detainer—Allegations of Tenancy.**—A complaint in forcible entry and detainer averring that plaintiff leased the premises to one of the defendants, and that the other defendants, by virtue of said lease, also entered into possession, sufficiently alleges the relation of tenancy as to all the defendants.

4. **Equitable Reconveyance—Destruction of Deed.**—A vendee of land subject to a vendor's lien, who had left his deed with the vendor, was afterwards released of liability on his purchase money note on procuring the substitution as purchaser of another, who at his instance took a deed for the land from the original vendor, the second purchaser giving his own note with vendor's lien retained in lieu of the former note, and the first deed being, by agreement, then destroyed. *Held*, that this had the same effect in equity as if the first vendee had reconveyed to the vendor, and the latter had sold to the new purchaser.

5. **Reconveyance of Homestead for Purchase Money—Joinder of Wife.** The equitable title to homestead property which is held under a deed reserving a vendor's lien may be reconveyed to the vendor by the husband in satisfaction of the unpaid purchase money without the joinder of the wife. Following Oury v. Sanders, 77 Texas, 281.

6. **Tenancy—Vendor Remaining in Possession.**—Upon a sale of land it was agreed in writing that the vendor should remain in possession for thirty days, but should give possession if the vendee sold or disposed of the property. *Held*, that this created the relation of landlord and tenant between the parties from its date, and that if it is to be regarded as only a reservation of the right of possession for thirty days, a constructive tenancy in favor of the vendee would exist after that time.

7. Practice—Motion for New Trial—Newly Discovered Evidence.—A motion for new trial on the ground of newly discovered evidence should be accompanied by the affidavits of the proposed witnesses.

8. Forcible Entry and Detainer—Notice to Quit.—Service of notice to quit on the tenant's wife living with him on the premises is sufficient in an action of forcible entry and detainer.

9. Attorney Fees.—Whether a recovery for attorney fees can be defeated by showing that the attorney has not paid his State and county occupation tax, is left undecided, but such default of payment, newly discovered, is not favorably regarded as ground for a new trial.

APPEAL from Bexar. Tried below before Hon. W. W. KING.

*James Routledge*, for appellants.—1. No written notice to quit had been served upon the defendants, and without such notice the action could not be maintained. Rev. Stats., art. 2440; Taylor's Landl. and Ten., 608; Wade on Notice, p. 336, sec. 578; Hall v. Wadsworth, 28 Vt., 410; Seem v. McTees, 24 Ill., 192; Martin v. Spilvalo, 56 Cal., 128; Prickett v. Ritter; 16 Ill., 96; Vennum v. Vennum, 56 Ill., 430; Doran v. Gillespie, 54 Ill., 366; Ball v. Peck, 43 Ill., 482; Doss v. Craig, 1 Colo., 177.

2. The suit could not be maintained against F. G. or F. C. Cadwallader without alleging that they rented the premises. Rev. Stats., art. 2440; Gulledge v. White, 73 Texas, 498; Dickinson v. Maguire, 9 Cal., 47.

3. The complaint stated no cause of action, in that it alleged a renting to one party and a joint withholding by three parties. Snedeker v. Quick, 12 N. J. L., 129; Blaco v. Haller, 9 Neb., 149; Caswell v. Ward, 2 Dougl. (Mich.), 374–377.

4. The claimant must have had possession before he can institute and maintain a suit of forcible entry and detainer. Gulledge v. White, 73 Texas, 498; Warren v. Kelley, 17 Texas, 550; Cunningham v. Ammerman, 3 W. & W. C. C., sec. 352; Sims v. Humphrey, 4 Denio, 185.

5. The contract was merely a contract of sale with future delivery, and did not constitute the relation of landlord and tenant, and was inadmissible. Sims v. Humphrey, 4 Denio (N. Y.), 185; Cunningham v. Ammerman, 3 W. & W. C. C., sec. 352; Gulledge v. White, 73 Texas, 498; Mair v. Sparks, 4 N. J. L., 592; Taylor's Landl. and Ten., sec. 720; Chicago v. Skupa, 20 N. W. Rep., 393.

6. Plaintiff is not entitled to recover as damages for the services of attorneys who have not paid any State or county occupation tax to practice the occupation of attorneys at law, or obtained any State or county occupation tax receipt or license to practice said profession, and are therefore practicing in violation of law. Kennedy v. Schultze, 25 S. W. Rep., 667; Railway v. Muth, 27 S. W. Rep., 752; Rev. Stats., arts. 433, 4668c, 4665; Willson's Crim. Stats., art. 110; Languille v. The State, 4 Texas Crim. App., 312; 1 Add. on Con., 430–432; Young

v. Thomas, 17 Fla., 169; Bowdre v. Carter, 64 Miss., 221; Stanwood v. Woodward, 38 Me., 192; Stevenson v. Ewing, 3 Peck (Tenn.), 46; Taliaferro v. Moffett, 54 Ga., 150; Costello v. Goldbeck, 9 Phil. (Pa.), 158; Wood on Mast. and Serv., sec. 211; De Begins v. Armistead, 10 Bing., 107; Merchant v. Evans, 2 Moore, 14; Seward v. Owens, 43 How. Pr. (N. Y.), 167; 9 Am. and Eng. Encyc. of Law, 882.

*F. M. Hays* and *C. H. McGinnis*, for appellee.—1. The contract between F. G. Cadwallader and N. Lovece was an executed contract, fully completed by the mutual exchange and delivery of the properties described in the writing. The appendix, in the nature of a supplemental contract, signed C. M. Cadwallader, was an agreement by which C. M. Cadwallader, being in possession, might retain the same for thirty days, unless the possession should be sooner demanded, on the happening of a contingency therein provided for. Irwin v. Davenport, 84 Texas, 512.

2. The seventeenth assignment, based on the ground that appellee's attorneys had not paid their occupation tax, is dismissed without argument, as the grounds therein merely encumber the record with matters that are irrelevant, impertinent, and unworthy the space they occupy, and this honorable court will not consider the grounds therein when making up its opinion in this cause.

JAMES, CHIEF JUSTICE.—The action was forcible entry and detainer, and the judgment of the District Court of Bexar County on appeal was in favor of plaintiff for the possession of the premises and for damages in the sum of $90. A motion is made to dismiss the appeal for want of jurisdiction. Article 2461, Revised Statutes, provides in such a case that no further appeal shall be allowed, and that the judgment of the County Court shall be conclusive of the litigation. The jurisdiction of the County Court of Bexar County in civil cases is now vested in the District Court by statute.

The amendments to the Constitution relative to the judiciary, adopted in 1891, created the Courts of Civil Appeals, and declared their jurisdiction to extend "to all civil cases of which the District or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law." The Legislature thereupon provided that the jurisdiction of said courts should extend to civil cases of which the County Courts have original jurisdiction, and to cases of which the County Courts have appellate jurisdiction when the judgment or amount in controversy shall exceed $100, exclusive of interest and costs, but placed no restriction on appeals from cases tried in the District Courts. The language of this Act of April 13, 1892, is, that the jurisdiction of the Courts of Civil Appeals shall extend to civil cases of which the District Court has original or appellate jurisdiction; and, without further legislation on the subject, it seems clear to us that this court must entertain this appeal.

The question as to whether or not there had been a demand for possession of the premises before action commenced, was raised by special plea, and it appears that the plea was separately heard and passed on by the district judge, and overruled. There is no bill of exceptions showing the testimony upon which the ruling was based, and we therefore can not revise it. The second and third assignments of error present preliminary issues that likewise appear to have been tried in limine, and there are no bills of exceptions that place us in possession of the matter upon which the judge acted.

The court did not err in overruling the special exception to the complaint, which claimed that the complaint was insufficient in not alleging that F. G. or F. C. Cadwallader ever rented the premises from plaintiff. The complaint alleges that plaintiff, on June 28, 1894, rented the premises to C. M. Cadwallader for the term of thirty days, and that C. M. Cadwallader, F. G. Cadwallader, and F. C. Cadwallader, by virtue of said lease, entered into possession of the premises, and still are in possession of the same.

This sufficiently alleged a relation of tenancy between plaintiff and all of the defendants. A person who is in possession of leased premises through or under the lessee is liable to be dispossessed in this form of action.

The eighth, ninth, and tenth assignments will be disposed of together. The material evidence in the case is substantially as follows: C. M. Cadwallader had been living with his family, including the other defendants, his sons, upon the lot in question for about a year and a half. He had purchased it from Frank J. Beitel, gave his note for $1000 in the purchase thereof, due in five years, with 8 per cent interest, and took a deed which reserved a vendor's lien on the lot, and erected a dwelling thereon.

On June 22, 1894, N. Lovece and F. C. Cadwallader entered into an agreement by which the former was to transfer to F. G. Cadwallader and F. C. Cadwallader a certain stock in trade and fixtures, subject to certain liens, and to receive in return therefor a deed to certain incumbered real property, among which was the lot and improvements in question, which was to be subject to the lien held by Beitel, and it was provided in the agreement that possession of this lot was to be given to plaintiff thirty days from the date of the agreement. Appended to the agreement appears the following:

"It is further agreed, that if the party of the second part (N. Lovece) should sell or dispose of the property on Upson street (the said lot), the aforesaid party of the second part will give possession at the same date. 　　　[Signed] 　"C. M. CADWALLADER."

It was in testimony that C. M. Cadwallader had originally left his deed in Beitel's hands, and that C. M. Cadwallader, F. G. Cadwallader, N. Lovece, and a land agent were at Beitel's office when the

trade evidenced by the written agreement was made. Both C. M. and F. G. Cadwallader requested Beitel to deed the property to Lovece, saying that they had sold the property to Lovece in exchange for a fruit stand. Thereupon and at their request Beitel made a deed of the lot to Lovece, retaining a lien thereon for $1000, for which Lovece gave his note to Beitel. C. M. Cadwallader then settled the accrued interest partly in cash and partly by note, and Beitel destroyed the deed and note that had been made in the sale to C. M. Cadwallader.

We take it, that it is upon these facts that the court based the conclusion that "the relation of landlord and tenant sprang from the consummation of the sale by Beitel to Lovece, and the execution of the contract of sale and to give possession by the Cadwalladers, and that in contemplation of law the Cadwalladers are held to have entered the premises on the date of said contract as the tenants of N. Lovece."

Does the evidence above stated sustain this conclusion? We are of the opinion that it does.

C. M. Cadwallader had an equity in this property, and it was competent for him to reconvey it to his vendor in settlement of the purchase money note, without being joined by his wife. Oury v. Saunders, 77 Texas, 281, and cases cited. It is true he did not execute a formal reconveyance to Beitel, but the evidence discloses that he surrendered his title, was relieved of the note he had given in the purchase thereof, and was active in substituting Lovece as the purchaser in his stead, and that Lovece took a deed from Beitel at his, C. M. Cadwallader's, instance, and became obligated to pay the purchase price. This in equity would have the same force and effect as if Cadwallader had executed a reconveyance to Beitel, and the latter had sold to Lovece. In the same transaction it appears that possession of the property was to be given to Lovece thirty days thereafter, and, as we understand and construe the intention of the writing subjoined to the agreement signed by C. M. Cadwallader, the latter not only assented to the provision that the property should be delivered to Lovece at the expiration of thirty days, but consented on his part that it should be done sooner if Lovece should sell or dispose of the property.

If we were to regard the transaction as a disposition of the property, as is suggested by appellants, with a reservation of the right of possession for thirty days, a constructive tenancy in favor of Lovece would exist after that time had expired. Hoffman v. Clark, 29 N. W. Rep., 695.

We see no objection to joining F. C. Cadwallader as a defendant. The evidence shows that he was living on the premises with his father, C. M. Cadwallader, and was there by virtue of the latter's possession and tenure. The judgment for rent and attorney's fees is supported by evidence.

A new trial was asked upon the ground of newly discovered evidence, which consisted of testimony that the attorneys for whose fees

recovery had been allowed had not paid their occupation tax, and were practicing law in violation to the statutes of the State. Whatever merit there might be in the proposition asserted can not be considered, as the application was not accompanied by the affidavits of the proposed witnesses. Russell v. Nall, 79 Texas, 664. Ordinarily a new trial would not be granted to enable a party to plead the statute of limitations, and the defense here sought to be utilized would certainly not be regarded with more favor.

The evidence that was admissible was sufficient to authorize the conclusions at which the court arrived, and the judgment will be affirmed.

*Affirmed.*

Delivered February 6, 1895.

### ON MOTION FOR REHEARING.

JAMES, CHIEF JUSTICE.—The district judge in his conclusions of fact states, that the record shows notice to quit was served on defendants. The only evidence in the record of service of notice is found in a notice to quit that appears to have been served on Mrs. C. M. Cadwallader, wife of the defendant C. M. Cadwallader. It is contended that this statement in the judge's conclusions shows what the evidence before him was on that subject when he overruled the plea that no demand for possession has been made of defendants before the action. We do not think this showed in the proper manner the evidence upon which the judge acted. But if we are not correct in this, it appeared by the notice referred to, that a notice sufficient in its terms had been served on the wife of C. M. Cadwallader, both of them shown by the evidence to have been then living together on the premises. It has been held that service of the notice on the wife under such circumstances is sufficient. Taylor Landl. and Ten., sec. 484, and note.

There is no reason for changing our view of the relation of implied tenancy existing between Lovece and defendants after the time they agreed to give possession. Taylor Landl. and Ten., sec. 25.

We find appellant to be correct as to the insufficiency of the testimony to support a judgment for $50 attorney's fees. The only evidence that is entitled to be considered relative to the reasonable value of attorney's services in the appellate court was that of Cadwallader, who placed the same at $25. In this respect the judgment will be reformed, and the motion overruled.

*Overruled.*

Delivered March 6, 1895.