. FUNK et al. v. MILLER.

(Court of Civil Appeals of Texas. Amarillo. Dec. 2, 1911.) [1]

1. APPEAL AND ERROR (§ 1001*)—VERDICT—CONCLUSIVENESS.

A verdict sustained by evidence will not be disturbed on appeal, though the testimony of the party in whose favor the verdict is rendered is confusing and apparently contradictory; its effect being a matter exclusively for the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3928–3934; Dec. Dig. § 1001.*]

2. APPEAL AND ERROR (§ 730*)—ASSIGNMENTS OF ERROR—REFUSAL OF INSTRUCTIONS.

An assignment of error to the refusal of an instruction cannot be considered where the substance of the instruction is not set out in the assignment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3013–3016; Dec. Dig. § 730.*]

3. APPEAL AND ERROR (§ 1064*)—HARMLESS ERROR—REFUSAL OF INSTRUCTIONS.

Under the general rule that repetition in the instructions of a principle of law is not reversible error, unless it could have influenced the jury to believe that the court entertained a particular view as to what the evidence established, it was not prejudicial error to charge twice that the burden was upon plaintiff to establish his case by a preponderance of the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219–4224; Dec. Dig. § 1064.*]

4. JOINT ADVENTURES (§ 4*) — ACTION FOR SHARE OF PROFITS—MEASURE OF RECOVERY.

In an action to recover a share of profits claimed under a joint adventure for the purchase and sale of land, the amount of plaintiffs' recovery was properly ascertained by finding the amount at which defendant sold the land in excess of the purchase price, and deducting reasonable and necessary expenses incurred by defendant; the balances, less defendant's share, being divisible among plaintiffs, with interest

[1] Filed in the Court of Civil Appeals at Ft. Worth March 2, 1911, and transferred to this court by order of the Supreme Court July 1, 1911.

---

at 6 per cent. per annum from the date of the sale.

[Ed. Note.—For other cases, see Joint Adventures, Cent. Dig. §§ 3–6; Dec. Dig. § 4.*]

5. NEW TRIAL (§§ 150, 102*)—NEWLY DISCOVERED EVIDENCE.

A new trial, asked on the ground of newly discovered evidence, was properly refused, where there was no supporting affidavit of the witness, and its absence was not explained, and where no diligence to discover the testimony before the trial was shown.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 306–310, 210–214; Dec. Dig. §§ 150, 102.*]

6. NEW TRIAL (§ 140*)—MOTIONS—AFFIDAVITS —REQUISITES.

An affidavit under a motion for new trial is insufficient, where it does not appear who made the affidavit.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 284; Dec. Dig. § 140.*]

Appeal from District Court, Deaf Smith County; D. B. Hill, Judge.

Action by J. H. Funk and others against B. W. Miller. Judgment for defendant, and plaintiffs appeal. Affirmed.

· C. D. Wright and W. H. Russell, for appellants. Barcus & North, for appellee.

HALL, J. This suit grows out of a contract between appellee, Miller, and appellants, J. H. Funk, A. M. Phillips, E. E. Ewers, J. W. Wills, and B. T. Wills, whereby it was agreed that they should purchase two sections of Deaf Smith county land, and hold the same for speculation. They were to bear equally the cost of the land and the expense incident to the purchase and acquisition of title. The contract was made with reference to two sections, which they understood could be bought from third parties at $8 per acre, and it was agreed that the same should be sold when the market price had advanced to $10 per acre. The net profits of the venture were to be equally divided between all parties. Appellee was selected to act for all in making the purchase and sale. Appellants allege that they reside several hundred miles from the land; that appellee resides in Deaf Smith county, and was familiar with the lands and all the conditions surrounding the undertaking, was the agent of the owner of the two sections, and because of these things, and by reason of his long acquaintance with and relation to appellants, they trusted to his integrity and honor to faithfully carry out the contract and consummate the deal; that, instead of doing so, he purchased the land in his own name, and soon thereafter sold it for a profit of $2 per acre, and refused to account to appellants for their five-sixths of such profits. Appellee answered by general demurrer, a number of special exceptions, general denial, and a special plea that appellants failed and refused to comply with their part of the contract.

[1] The first and second assignments of error complain of the action of the court in submitting the case on a general charge and in not peremptorily instructing the jury to find for plaintiffs, because the evidence clearly showed that plaintiffs were entitled to recover. Appellants introduced in evidence the written contract, showing that appellants and appellee agreed to purchase the 1,280 acres of land at $8 per acre, and that appellants had complied with all the terms of the contract; a deed from the owners of the land to appellee, showing that appellee had purchased the same for $8 per acre; and appellee himself was then placed upon the stand and interrogated with reference to the amount realized upon the sale. His testimony upon this issue is substantially as follows: "After I purchased the land, I made a contract with Mr. Trow to sell it to him, and he fell down on it, and afterwards we deeded it to Trow, but he deeded one section back. I made mighty little money in the deal. Did not make anything after I paid all the interest and expenses. I said the other day that I had made about $640, but had to pay a commission out of that; paid Trow $500, which left $140, and I paid that for interest on $8,000 that Trow and Orr and myself borrowed out of the bank when we made the deal. I do not think we made any profit on the land. We had to pay Moore this $3,860 that was due him on the land. After everything had been settled up, we made no profit at all on it over and above all expenses and everything on the trade."

No conveyances from Miller to any one were introduced in evidence, and neither Trow nor any party connected with the bank was ever introduced to throw any more light upon the question of profits. While the testimony of the appellee upon the question is confused and apparently contradictory, the effect of it is a matter exclusively within the province of the jury trying the case, and we are prohibited from revising their verdict, which is, in effect, that no profits were shown to have resulted by reason of the purchase and sale. The first and second assignments will therefore be overruled.

[2] The third assignment complains of the refusal of the trial court to give appellants' second special charge, but the substance of the charge itself is not set out or quoted, either in the assignment or statement following it, and cannot therefore be considered. St. L. & S. W. Ry. Co. v. Laws, 61 S. W. 498, writ of error denied by Supreme Court 95 Tex. 685.

What we have said in disposing of the first and second assignments of error disposes also of the fourth assignment and the propositions thereunder, wherein appellants insist that the court should not have charged

generally the law of the case; and that, because appellants had by uncontradicted evidence established their contention, a submission of the issues to the jury was error.

[3] Appellants further contended in this assignment that the court erred in charging the jury twice that the burden rested upon the plaintiff to establish his case by a preponderance of the evidence. Reference to the charge convinces us that this latter contention is not well taken. The general rule is that a repetition in the charge of some principle of law is not ordinarily ground for reversal, unless it could have influenced the jury to believe that the court entertained a particular view as to what the evidence established. Continental Insurance Co. v. Pruitt, 65 Tex. 129; Frisby v. Withers, 61 Tex. 141. The repetition in the charge under consideration as to the preponderance of the evidence could not have influenced the jury, and, if error at all, was harmless.

The fifth assignment of error is based upon the refusal of the court to grant the motion for a new trial, because the verdict of the jury was contrary to the law and the evidence. Because of what has heretofore been said, we think it unnecessary to discuss that feature, further than to say that the cause upon this issue—the amount of the profits—was properly submitted to the jury, and their finding is conclusive, both upon the trial court and this court.

[4] Appellants in their sixth assignment of error complain of the failure of the court to instruct the jury as to the measure of damages. This is an action to recover a share of the profits alleged to be due under the contract for the purchase and sale of the land in question, rather than an action for damages. Appellants set up a breach of the contract on the part of appellee in taking the conveyance of the land in his own name, but their allegations fail to show any damages resulting to them by reason of appellee's breach of the contract in this particular. The institution of this suit, seeking to recover their interest in the profits, has the effect of affirming his act in so taking the conveyance, even if such act should be held to be a violation of the contract. They allege in their pleading that by reason thereof he becomes a trustee of the fund, and pray for their share of the profits. Under the pleadings, an abstract statement of the measure of damages, as contended for by appellants, was incorrect, and should not have been given to the jury. The court's charge upon this issue is as follows: "If you find for the plaintiffs under the foregoing instructions, in arriving at the amount of their recovery, if any, you will first find the amount said Miller sold said land for in excess of the purchase price that had been agreed upon by said parties, and that had been paid by said

Miller for said land, and from which profits, if any thus obtained, you will deduct such reasonable and necessary expenses and commissions, if any, incurred by the said Miller in making such sale of said lands, and the amount thus remaining, after making such reduction, if any, from the amount of said advance over the purchase price of said land, if any so obtained by the said Miller, less one-sixth thereof, will be the amount of plaintiffs' recovery and to this amount, if any, you will add interest at 6 per cent. per annum from the date of such sale of said lands by the said Miller." This, we think, was the correct measure of appellants' recovery under the pleadings and evidence, and was a sufficient charge upon that point.

[5, 6] There was no error in overruling the motion for new trial on the ground of newly discovered evidence. That ground of the motion was not supported by the affidavit of the witness Orr, whose testimony was alleged as newly discovered, and no reason appears in the motion why his affidavit was not obtained. The motion itself is signed by counsel as attorney for appellant, and while there is a jurat to the motion it does not appear who made the affidavit. In these particulars, it was insufficient. Marrast v. Smith, 53 S. W. 707; Cadwallader v. Lovece, 10 Tex. Civ. App. 1, 29 S. W. 666, 917. The motion also fails to show any diligence used to discover the evidence of this witness prior to the time of the trial. The defendants' answer alleges that Orr was a partner of appellee, Miller, at the time of the purchase, and the testimony of appellant Funk shows that Orr either wrote the contract, or was present and assisted in preparing it when it was written in the office of Miller & Orr. It does not appear that Orr was inaccessible before or at the time of the trial. This assignment is also overruled. Frizzell v. Johnson, 30 Tex. 36; Traylor v. Townsend, 61 Tex. 148.

There being no reversible error apparent in the record, the judgment of the lower court is affirmed.