## AMERICAN NAT. INS. CO. v. FRANKEL. (No. 7472.)

(Court of Civil Appeals of Texas. Galveston. Dec. 18, 1917.)

1. TRIAL ⟨⟩139(1)—DIRECTION OF VERDICT.
If there is any evidence tending to dispute defendant's evidence on issues, verdict cannot be directed for defendant.

2. APPEAL AND ERROR ⟨⟩1001(1)—VERDICT—LACK OF EVIDENCE.
If there is some evidence, though very weak and unsatisfactory, tending to support the answers to special interrogatories, they cannot be set aside.

3. APPEAL AND ERROR ⟨⟩1003 — REVIEW — VERDICT.
A judgment based on a verdict against a great preponderance of the evidence must be reversed.

4. JUSTICES OF THE PEACE ⟨⟩150(6) — APPEALS—MOTION FOR NEW TRIAL—NECESSITY.
A motion for new trial is not essential to confer jurisdiction on county court on appeal from justice court.

Appeal from Harris County Court, at Law; Murray B. Jones, Judge.

Action by Jessie Frankel against the American National Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Williams & Neethe, of Galveston, and Parker & Kennerly and Richard T. Fleming, all of Houston, for appellant. Heidingsfelders' and J. M. Gibson, all of Houston, for appellee.

LANE, J. This suit was originally brought in the justice court of precinct No. 1 of Harris county by appellee, Jessie Frankel, against appellant, American National Insurance Company, to recover $106 alleged to be due her upon a policy of life insurance issued by the insurance company upon the life of her deceased husband, Maxwell B. Frankel; for $2.20 for overpaid premium; and for $25 attorney's fees—a total of $133.20.

The defendant in the court below, the insurance company, answered by general denial, and specifically averred that by the terms of the policy sued upon it is specially provided that the same should not take effect unless the insured was in sound health at the time of the delivery thereof to the insured, and that the insured was not in sound health at the time said policy was issued and delivered, but, on the contrary, he was at such time suffering with laryngeal tuberculosis; that the issuance and delivery of the policy was procured by the insured by reason of the false representations made by him that he had not suffered from consumption, habitual cough, etc.; and that by reason of the matters alleged it was not liable to appellee in any sum whatever.

The undisputed testimony shows that the policy in question was issued and delivered as alleged by appellee on the 29th day of November, 1915, upon an application made by the insured of date November 15, 1915; that the policy contains the following provisions and subjoined agreements of insured:

"The American National Insurance Company doth agree, subject to the conditions printed below and on the following pages hereof, each of which is hereby made a part of this contract as fully as if recited over the signatures hereto attached, to pay to the beneficiary hereinafter mentioned, immediately after receipt of due proofs of death of the insured hereunder, upon surrender of this policy and all receipt books, the amount stipulated in said schedule: Provided, however, that no obligation is assumed by the company prior to the date hereof, nor unless on said date the insured is alive and insurable according to the standard of insurability required by the company."

"Proofs of death under this policy shall be made upon blanks to be furnished by the company, and shall contain answers to each question propounded to the claimant, physicians, and other persons, and shall contain the record, evidence and coroner's inquest, if any be held. All the contents of such proofs of death shall be evidence of the facts therein stated in behalf of but not against the company. In the event of the death of the insured while this policy is in force, the company will pay the sum of money due under this policy to the beneficiary named in the schedule on the first page hereof, if living; if not, to the insured's executors, administrators or assigns."

"I hereby apply for insurance for the amount herein named, and I declare and warrant that the answers to the above questions are complete, true and were written opposite the respective questions by me, or strictly in accordance with my directions. I agree that said answers with this declaration shall form the basis of a contract of insurance between me and the American National Insurance Company, and that the policy which may be granted by the company in pursuance of this application shall be accepted, subject to the conditions and agreements contained in said policy. I further agree that no obligations shall exist against the company on account of this application, although I may have paid premiums thereon, unless said company shall issue a policy in pursuance thereof, and the same is delivered to me."

It is understood that there was attached to the policy as a part thereof the application of the insured and his answers made to questions propounded to him by the examining physician; that these answers were to the effect that at the time the questions were propounded he was in good health; that he had not lately been sick; that at that time no physical or mental defects or infirmity existed with him; that he had never suffered from consumption, asthma, spitting of blood, habitual cough, etc. Judgment was rendered for appellee in the justice court for the full amount sued for, and from this judgment appellant, insurance company, carried the cause by appeal to the county court.

In the county court the insurance company, by an amended answer, set up the terms of the policy, and averred that the conditions provided therein had never been met, and therefore the policy never became effective as an insurance policy in the hands of the insur-

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ed or the beneficiary named therein, and for all practical purposes renewed the allegations of its original answer. The cause was tried in the county court before a jury upon the following charge:

"You are instructed to answer the following questions:

"Question No. 1. Answer whether or not the deceased, Maxwell B. Frankel, on the date of said insurance policy herein, was insurable according to the standard of insurability required by the defendant company. Answer this question 'Yes' or 'No.'

"You are instructed that good health is within the meaning and included in the phrase 'standard of insurability' required by the company as used in the policy sued upon in this case.

"Question No. 2. Answer whether or not the representations made by deceased, Maxwell B. Frankel, in the application to obtain said insurance policy, were fraudulently made by him and the defendant company, or its agents, relied and acted upon said representations. Answer this question 'Yes' or 'No.'

"The burden of proof is upon the plaintiff to prove his case by a preponderance of the evidence. The burden of proof is on the defendant to prove his defense, if any, by a preponderance of the evidence.

"You are the exclusive judges of the facts proven, the credibility of the witness, and the weight to be given their testimony."

The verdict of the jury was as follows:

"We, the jury, answer the questions submitted to us by the court as follows: .
"No. 1. Yes.
"No. 2. No."

Upon this verdict the trial court rendered judgment for appellee against the insurance company for the sum of $133.20. From this judgment the insurance company has appealed to this court. The first, second, and third assignments of error are as follows:

"First. The court erred in refusing the defendant's request for an instructed verdict, because the evidence of the defendant showed that the insured did not meet the standard of insurability set by the company either at the date he made application for the insurance, or at the date of the issuance of the policy, nor of the delivery thereof, because such evidence showed that such insured at each of said dates was afflicted with tuberculosis; therefore, said policy never took effect as an obligation against the company for the reason that it provided that it should not take effect unless on the date thereof the insured should be alive and should meet the standard of insurability set by the company, which standard, the court charged the jury in this case, required that the applicant should be in good health, and there was no evidence sufficient to contradict this, and to justify the court in submitting to the jury the issue as to whether or not the insured met the standard of insurability.

"Second. The answer of the jury to question No. 1, submitted by the court, is absolutely without evidence to support it, but on the contrary is against the undisputed evidence and against the law of the case as given in the charge by the court. The defendant, therefore, moves that such answer be set aside.

"Third. The defendant would show that the answer of the jury to question No. 2 is without the evidence to support it, and that on the contrary it is against the undisputed evidence and against the law of the case as given in the charge by the court. Defendant therefore moves the court to set aside such finding."

· [1, 2] We overrule these assignments. There is some evidence tending to dispute the evidence of the defendant upon the issues mentioned in assignment No. 1. There was also some evidence, though extremely weak, tending to support the answers of the jury to questions Nos. 1 and 2, propounded by the trial court to them.

By the fourth and fifth assignments insistence is made that the evidence tending to support the findings of the jury and the judgment rendered is so slight as to make the findings of the jury, against such a great preponderance of the evidence, as to show it is clearly wrong.

[3] We are constrained to sustain these assignments. We quite agree with appellant in his contention that the verdict of the jury was against such a great preponderance of the evidence as to show it is clearly wrong, and for this reason the judgment of the trial court, based on such verdict, should be reversed and the cause remanded.

[4] Appellee's contention that the county . court had no jurisdiction of this cause, because the record shows that appellant filed no written motion for new trial in the justice court within ten days after judgment was rendered in that court, that without such motion there could be no jurisdiction acquired by appeal to the county court at law, is overruled. A motion for new trial is not essential to confer jurisdiction upon the county court on appeal. Davis v. West Texas Bank & Trust Co., 116 S. W. 393; Masterton v. Conrad, 2 Willson, Civ. Cas. Ct. App. § 753.

For the reason pointed out, the judgment of the trial court is reversed, and the cause is remanded for another trial.

Reversed and remanded.