BLANTON & NUNNALLY v. J. L. LANGSTON & Co.

(Case No. 1510.)

1. TRIAL OF RIGHT OF PROPERTY.— Though a mere lien on property taken in execution furnishes no ground for the interposition of a claim for the trial of the right of property, yet if, by agreement subsequent to the attaching of the lien, the lien holder becomes the absolute owner, the rule can have no application. See opinion for facts which constituted a complete sale and delivery of chattels on which the purchaser before held a lien.

2. PRACTICE.— Though, on appeal from the court of a justice of the peace to the county court, no new cause of action can be set up by the plaintiff, nor can any set-off or counterclaim be considered which was not pleaded in the court below, yet this rule has no application to the case of a defendant who, having made the issue in the court below that the property in controversy was not subject to the plaintiff's execution, relied on a mortgage, and on appeal claimed as a purchaser.

APPEAL from Nacogdoches. Tried below before the Hon. R. H. Morris, special judge.

Suit to try right of property to some cotton, which was originally tried before a justice of the peace, appealed to the county court, and from there found its way into the district court by reason of the jurisdiction of the county court being diminished by act of the legislature.

The issue made up in the district court was as follows:

Plaintiffs Blanton & Nunnally alleged that the cotton levied upon by virtue of an execution in favor of Blanton & Nunnally v. J. H. Gresham, issued out of the justice court precinct No. 2, Nacogdoches county, by J. J. Watkins, J. P., dated 27th October, 1876, was subject to the levy.

Defendants denied that the cotton was subject to the levy, and alleged that it was their property at the time of levy. Upon this issue the cause was submitted to the court, who found that the cot-

ton levied on was at the time of the levy the property of J. L. Langston & Co., and rendered judgment accordingly.

*Drury Field*, for appellants.

*Reaves & McIlwaine*, for appellees.

WILLIE, CHIEF JUSTICE.— It is insisted by appellants that the judgment below should be reversed because Langston & Co. were merely mortgagees of the cotton, and as such could not lay claim to it under our statute for trial of the right to property levied on under execution. It is true that this court has frequently held that a mere lien upon property taken in execution furnishes no ground for the interposition of a claim for the trial of the property. Wright *v.* Henderson, 12 Tex., 43; Wootton *v.* Wheeler, 22 Tex., 338; Belt *v.* Raguet, 27 Tex., 471.

But, in our opinion, the facts of this case show that although appellees at one time were mortgagees of the cotton, yet by subsequent arrangement between them and Gresham, the defendant in execution, their relationship to it was changed, and they became absolute owners of it, and were such at the time of its seizure by the sheriff.

It was shown by uncontradicted proof that Gresham, after he had gathered the cotton and placed it in a pen, informed Langston & Co. of this fact and told them they could have the cotton at any time. To this the appellees assented, and requested Gresham to hire some one to take it to the gin, and they would pay for the conveyance. All this was done in pursuance of a previous agreement between the parties that Langston should have the cotton when gathered and allow Gresham the market price for it, which at that time was eight cents per pound. All this transpired subsequent to the execution of the mortgage, and prior to the levy made under the judgment obtained by appellants against Gresham. It is evident that this agreement superseded and took the place of the mortgage originally made to Langston & Co. This agreement, followed as it was by the facts which occurred after the cotton was gathered, constituted a complete sale and delivery of the cotton. The contract for the sale had been made; there was nothing left to be done by the seller to put the goods in a deliverable state; the purchase money had been partly, if not fully, paid; the cotton was held subject to the control and orders of the buyers, and they had virtually assumed all the risks to which it might be subjected. Cleveland *v.* Williams, 29 Tex., 211. Gresham had no interest in the property subject to the levy, and the court properly gave judgment for the claimants.

It is true that on the trial before the justice of the peace, Langston & Co. claimed the cotton under their mortgage, in which claim they were defeated. But in the district court the issue was entirely different, for there the claim was made by them as purchasers from the defendant in execution. The trial in the district court was *de novo*, and the appellees were not bound by the issue made in the magistrate's court. If they became satisfied that their mortgage had been canceled by the contract of purchase, no objection could be properly made to their claiming under this contract instead of the mortgage, so as to make the pleadings correspond with the proof.

The case of Curry *v.* Sewell, decided by the court of appeals and reported in 1 Tex. Law Reporter, p. 618, holds that upon a trial *de novo* in the county court of an appeal from a justice of the peace, no new cause of action can be set up by the plaintiff nor any set-off or counterclaim by the defendant which was not pleaded in the court below. We recognize this as a correct ruling under the provisions of the Revised Statutes cited in the opinion of that court. But this is not a case where a new set-off or counterclaim is made, but a mere amendment of the issue made below, in which the defendant claims nothing that he did not claim in the justice's court, viz.: that the property was not subject to the plaintiff's execution. His reasons for the claim are different, but the claim remains the same.

The judgment is affirmed.

AFFIRMED.

[Opinion delivered October 12, 1883.]