NORTH SIDE ST. R'Y CO. v. WANT & CO.

(No. 3547.)

APPEAL from Tarrant County.   Opinion by WHITE,
P. J.

TEMPLETON & CARTER, counsel for appellant.

FRANK M. MARPLE, counsel for appellees.

§ 167. *Pleadings; amendment of, on appeal from jus-
tice's to county court.*   This suit was instituted in a jus-
tice's court by appellees to recover from appellant dam-
ages occasioned by a collision of one of its cars with a
horse and wagon.   There was a judgment for plaintiffs
in justice's court.   Appeal therefrom by the railway
company to county court.   In the latter court the plaint-
iffs amended their pleadings, and claimed, as additional
damages, the full value of the horse which had died, and
other expenses which had accrued in the premises since
the said trial in the justice's court.   This amendment
was proper, and did not set up a new cause of action
[2 Civil Cas. Ct. App., §§ 818, 835], and the court did not
err in overruling defendant's exceptions to the same.

§ 168. *Street car; negligence in operating not to be in-
ferred from mere fact that there had been a collision.*
In this case it devolved upon the plaintiffs to prove neg-
ligence on the part of the railway company in order to
entitle them to recover.   In our opinion the evidence
wholly fails to establish any such negligence.   The car,
at the time of the accident, was running, for aught that
appears, at its usual rate of speed on its track.   It is not
shown that the street-car driver saw, or could have seen,
the danger of a collision, nor that he could possibly have
averted it after it became apparent.   It occurs to us that
if any negligence be shown at all, it was upon the part
of the driver of the horse and wagon, whose conduct in
pulling his horse out from the sidewalk towards the

electric street car caused the witness, Scott, who testified for plaintiffs, to call the attention of a by-stander to the danger of a collision.  Under the facts, the court erred in refusing to instruct the jury that they were not authorized to infer negligence on the part of the railway company from the mere fact that there had been a collision.  [2 Civil Cas. Ct. App., § 421; Railway Co. v. Faber, 77 Tex. 153.]  We are of opinion the verdict and judgment are not supported by, but are against, the law and the evidence.

November 12, 1890.          Reversed and remanded.