### P. G. WITTEN v. J. A. CASPARY.

#### (No. 3437.)

APPEAL from Wood County.   Opinion by HURT, J.

H. M. OATES, counsel for appellant.

W. M. GILES, counsel for appellee.

§ **190.** *Appeal bond; description of judgment in, held sufficient; surety on replevy bond, against whom justice has rendered judgment, may be surety on appeal bond of his principal.*  Caspary sued appellant on an account in justice court and caused an attachment to issue and be levied. In the justice court there was rendered a judgment for plaintiff for the amount sued for, and a foreclosure of the attachment lien. The judgment further provided "that the defendant, Witten, having replevied the property seized under attachment issued herein, with S. C. H. Witten, M. L. Harrington, P. L. Witten," etc., naming many others, "it is therefore ordered, adjudged and decreed by the court that the plaintiff, J. A. Caspary, do have and recover of the defendant, C. P. Witten, and his sureties (naming them), the sum of $123.43, and all costs." Witten appealed to the county court, and gave an appeal bond. In the county court the appeal was dismissed because the bond was fatally defective.

The bond described the judgment as follows: "Nó. 255. J. A. Caspary v. G. P. Witten. Know all men by these presents, that whereas, before C. S. Hays, justice of the peace for precinct No. 2, Wood county, Texas, on the 22d day of June, 1889, in a certain suit wherein J. A. Caspary is plaintiff, and G. P. Witten is defendant, plaintiff recovered a judgment against said defendant for the sum of $123.43, and all costs of suit, amounting to the sum of twenty and 50-100 dollars, and a judgment enforcing an attachment lien on ——, and on the 24th day of June, 1889, said justice overruled a motion made by defendant for a new trial, and said defendant has appealed said case to the county court of said county: Now, therefore," etc. This bond was signed by S. C. H. Witten, P. L. Witten, and others, all of them appearing to be sureties on the replevin bond, and against whom judgment was rendered in the justice court. The motion to dismiss was upon two grounds: (1) Because the bond describes a judgment against G. P. Witten alone, when in fact the judgment is against G. P. Witten, S. C. H. Witten, M. L. Harrington and others, naming them; (2) because the bond is not signed by two sureties, as required by law. The record does not show upon what ground the court sustained the motion to dismiss. We are of opinion that the bond was not defective in either particular. While the bond fails to fully set out the judgment, it sufficiently describes it so that there can be no doubt as to the judgment from which it was desired to appeal, and there was no misdescription. As to the other ground,— that there are not two sureties,— the contention is that, because the sureties on the appeal bond were sureties on the replevin bond, and against whom the judgment in the justice court was rendered, there are no sureties. The case of Trammell v. Trammell, 15 Tex. 291, disposes of this matter against the appellee. That case is undoubtedly the law. [See Sampson

v. Sollinsky, 75 Tex. 663.] Because the court erred in dismissing the appeal, the judgment is reversed and the cause remanded for trial *de novo* in the county court.

　　December 19, 1890.　　Reversed and remanded.