### R. G. HARROLD v. J. H. BARWISE.

#### No. 1785.

1. **Appeal from Justice to County Court—Pleading New Matter.**—In a
suit in Justice Court for the possession of certain mules, the defendant pleaded only
the general denial, but on appeal to the County Court he specially pleaded, in addi-
tion, that he claimed possession of the mules under mortgage. *Held*, that this was
not within the statutory inhibition forbidding the defendant to set up any setoff or
counterclaim not pleaded in the court below.

2. **Verbal Reservation of Title—Chattel Mortgage.**—A verbal reservation,
by the vendor, of the title to goods sold and delivered by him, as security for the
purchase money, is no more than a verbal chattel mortgage, and not good in this State.

APPEAL from the County Court of Wichita. Tried below before
Hon. W. P. SKEEN.

*Boyd & Ofiel*, for appellant.—The court erred in allowing defendant
to plead a new defense which was not originally pleaded in the Justice
Court. Carsey v. Terrell, 1 W. & W. C. C., sec. 239; Boudon v. Gil-
bert, 67 Texas, 689; Mims v. Mitchell, 1 Texas, 443; Moore v. Ken-
nedy, 81 Texas, 147.

*Edgar Scurry* and *J. H. Barwise, Jr.*, for appellee.—Under a gen-
eral denial the defendant can controvert every material allegation
made by the plaintiff, and the introduction of the mortgage was clearly
authorized under defendant's general denial. Mims v. Mitchell, 1
Texas, 448; Sayles' Pl. and Prac., sec. 41; Bosse v. Johnson, 73 Texas,
611.

HEAD, ASSOCIATE JUSTICE.—Appellant sued appellee in the Jus-
tice Court for the possession of two mules. An appeal from a judgment
in his favor was taken to the County Court, and the transcript sent up
by the justice showed that appellee's only plea was a general denial.
In the County Court, in addition to the general denial, appellee was
allowed to plead specially that he claimed possession of the mules under
a mortgage thereof made to him by one Wells.

Appellant, in his first and second assignments, contends that this
special plea should not have been allowed, because it was not inter-
posed in the trial before the justice. We are of opinion no error is
here shown.

That article 316 of our Revised Statutes, which provides, that "either
party may plead any new matter in the County Court which was not

presented in the court below, but no new cause of action shall be set up by the plaintiff, nor shall any setoff or counterclaim be set up by the defendant which was not pleaded in the court below," applies to cases taken from the Justice to the County Court by appeal as well as by certiorari, we do not regard as an open question. It was so decided in Boudon v. Gilbert, 67 Texas, 689, and in Curry v. Terrell, 1 Court Appeals Civil Cases, sec. 239, if not in Blanton v. Langston, 60 Texas, 149. Following these decisions, we so held in Swinburne v. Johnson, and in Railway v. Klepper, 24 Southwestern Reporter, 567; also in Downtain v. Connellee, 2 Texas Civil Appeals, 95.

To the same effect are the decisions of the Courts of Civil Appeals for the First and Fifth Districts. Railway v. Jones, 23 S. W. Rep., 424; Mahoney v. Coke, 27 Id., 157; Railway v. Denson, 26 Id., 265.

At an early day it was decided that the statute regulating trials in the District Court in cases taken there by appeal applied also to those brought up by certiorari. Moore v. Hardison, 10 Texas, 467. In fact, we believe it would be hard to assign a good reason why new pleading should be allowed in one case and not in the other. They are only different ways of accomplishing the same end.

The Court of Civil Appeals for the Fourth District has, however, in an able opinion in the case of Ostrom v. Tarver, 29 Southwestern Reporter, 69, taken a different view. One of the principal reasons given for this last decision is, that our law taxes the costs of the appeal against the plaintiff if he fails to recover as large a judgment in the County as he was given in the Justice Court, and a defendant might thus be enabled to perpetrate an injustice by withholding his defenses until after the appeal had been taken. This also applies to cases taken up by certiorari. Rev. Stats., arts. 1432, 1433. It must be remembered, however, that by the next article (Revised Statutes, article 1434) it is provided, that "the court may for good cause, to be stated on the record, adjudge the costs otherwise than as provided in the preceding articles of this chapter." This we regard as conferring ample power to protect litigants in the exceptional cases that may be presented in the manner suggested.

We are not prepared, however, to hold that the article of the statute first above quoted materially changes the practice in such cases from what it would otherwise be. Article 1294 provides: "In all cases brought up from inferior courts, whether by appeal or certiorari, the cause shall be tried de novo." In Shultz v. Lempert, 55 Texas, 277, it is said: "Trial de novo does not mean a trial on appeal and on nothing but the record to correct errors, but does mean a trial of the entire case anew, hearing evidence, whether additional or not." In such cases we believe new pleading has generally been allowed, if no new cause of action is asserted. Railway v. Ivy, 79 Texas, 444.

In appeals from the County to the District Court in probate cases, article 2207 provides, that "all cases removed by appeal to the District Court shall be tried anew, as if originally brought in such court,"

etc.; and in construing this article, in Newton v. Newton, 61 Texas, 513, it is said: "When the present case reached the District Court on appeal, the parties occupied the same position toward each other as they did in the County Court, and the trial was to be de novo, as if originally brought in the District Court." We believe the decision would have been the same if the words "as if originally brought in such court" had been omitted.

. Also, in McLane v. Paschal, 62 Texas, 104, it is said: "The principal questions in this case arise out of the action of the court in striking out the amended answer of McLane, filed in the cause after it had reached the District Court upon appeal. This was done by the court of its own motion, the district judge holding that the parties could raise no issues that were not raised in the court from which the appeal was taken. In this the District Court erred, the contrary having been decided at the present term of this court, in the case of Newton v. Newton, appeal from Wilson County. The only test as to the propriety of the amendment was, would it have been admitted in a cause originally commenced in the District Court?"

In the case of Curtiss v. Beardsley, 15 Connecticut, 522, it is said: "By our practice, under the statutes regarding appeals from justices and appeals from the County Court, the cause is brought up entirely unembarrassed by any proceedings in the court below. Unlike a writ of error, or proceedings at common law in the nature of appeals, in which only the precise point decided is carried up for revision, the whole cause is brought before the appellate court, as if it had been originally commenced there. The parties, as respects the merits of the cause, may plead anew as if there had never been any pleadings in the inferior court, and the entry of such new plea is considered and treated as a waiver of the former pleadings in the cause." We have not the statutes referred to in this opinion before us, and only allude to it as tending to show the general practice observed in appealed cases, where the trial is de novo and not upon the record made in the lower court. Also see Bingham v. Stewart, 14 Minnesota, 219.

We therefore conclude, that the rule prescribed by article 316 is that which should be observed in cases of this kind, in the absence of such a statute. At any rate, the case of Blanton v. Langston, supra, has such direct application to the plea allowed in this case that we would feel constrained to approve the action of the court below, even though we were not prepared to go to the full extent above indicated.

In that case it is said: "It is true that on the trial before the justice of the peace, Langston & Co. claimed the cotton under their mortgage, in which claim they were defeated; but in the District Court the issue was entirely different, for there the claim was made by them as purchasers from the defendant in execution. The trial in the District Court was de novo, and the appellees were not bound by the issue made in the magistrate's court. If they became satisfied that their mortgage had been canceled by the contract of purchase, no objection

could be properly made to their claiming under this contract instead of the mortgage, so as to make the pleadings correspond with the proof. The case of Curry v. Sewell, decided by the Court of Appeals, and reported in 1 Texas Law Reporter, page 618, holds, that upon a trial de novo in the County Court of an appeal from a justice of the peace, no new cause of action can be set up by the plaintiff, nor any setoff or counterclaim by the defendant which was not pleaded in the court below. We recognize this as a correct ruling, under the provisions of the Revised Statutes cited in the opinion of that court (article 316), but this is not a case where a new setoff or counterclaim is made, but a mere amendment of the issue made below, in which the defendant claims nothing that he did not claim in the Justice Court, viz., that the property was not subject to the plaintiff's execution. His reasons for the claim are different, but the claim remains the same."

So, in this case, the issue in the Justice and in the County Court was the same, viz., did appellant have the right to the possession of the mules? Appellee denied this in the Justice Court, and the mortgage introduced in the County Court was only in support of this denial.

We find the evidence sufficient to sustain the finding of the court below, to the effect that appellant had sold and delivered the property to Wells, and had attempted to make a verbal reservation of the title in himself, as security for the purchase money. This, under our statute, was no more than a chattel mortgage. 2 Sayles' Civ. Stats., art. 3190a.

That a verbal mortgage is not good in this State must now be considered as settled. Lazarus v. Henrietta National Bank, 72 Texas, 354.

The judgment of the court below will therefore be affirmed.

*Affirmed.*

Delivered March 27, 1895.