## MALICHI PEOPLES v. F. E. RODGERS.

### No. 905.

**1. Appeal Bond—Date Prior to Judgment.**

An appeal bond duly filed and approved by the justice of the peace after the judgment appealed from, is not vitiated by the fact that it bears a date prior to the judgment.

**2. Same—Amended by Adding Sureties.**

Where, on appeal from the Justice Court to the District Court, the appeal bond is defective in having but one competent surety, such defect may be cured in the latter court by adding additional sureties.

**3. Same—Surety Competent, When.**

Where the principal in a claim bond appeals from the judgment in the claim proceeding, this does not render a surety on the claim bond a party to the appeal, nor disqualify him from being a surety on the appeal bond.

APPEAL from Cass. Tried below before Hon. JOHN L. SHEPPARD.

*O'Neal & Allday* and *O. N. Hines,* for appellant.

No brief for appellee reached the Reporter.

FINLEY, ASSOCIATE JUSTICE.—Appellee, F. E. Rodgers, caused an execution to be levied upon a horse, as the property of one Jake Peoples. Malichi Peoples, appellant herein, filed an affidavit and claim bond, under which he obtained possession of the horse, and the value of the horse

being less than $200, the papers were returned to the Justice Court of precinct No. 1, Cass County, the court having jurisdiction of the matter. The cause was tried in the Justice Court and judgment there rendered in favor of appellee, F. E. Rodgers. From this judgment appellant appealed to the District Court, the County Court having been deprived of its civil jurisdiction. In the District Court appellee Rodgers filed a motion to dismiss the appeal for the following reasons:

"1. That it appeared on the face of said appeal bond from the Justice Court that J. J. Kirkland, who had signed the appeal bond, was also on the claim bond, and judgment had been rendered against him in the Justice Court as surety on said claim bond."

"2. That the bond was dated January 6, 1893, which was prior to the time of rendering judgment in the Justice Court."

As to the second ground in the motion. The appeal bond was approved and filed by the justice of the peace after the rendition of the judgment, and within the time required by law. The proceedings and judgment appealed from were fully identified in the appeal bond, and the fact that the bond bore a date previous to the rendition of the judgment did not affect its validity. The date of the filing and of the approving of the bond is that which is material to be considered. 2 Texas Civ. App., 619; Railway Co. v. Stanley, 76 Texas, 418.

As to the first ground in the motion. One of the sureties on the appeal bond was also a surety on the claim bond filed in the Justice Court, and judgment was rendered in that court against him as such surety. The court below was of the opinion that he was incompetent as a surety on the appeal bond, and that; therefore, the appeal bond, in effect, had but one competent surety. If the bond was in fact defective in the respect that it only had one competent surety, the court below should have permitted appellant to cure that defect by adding additional sureties. This the court refused to do. Davis v. Estes, 4 Texas Civ. Apps., 207, and cases there cited; Landa v. Heerman, 85 Texas, 1; 1 White and Willson C. C., 492.

The surety on the appeal bond, who was also a surety on the claim bond, was not a party to the appeal; he did not appeal from the judgment of the court below, and the fact that he was a surety on the claim bond did not make him a party to the appeal.

There appears to be some conflict in our decisions upon the question as to whether or not such a person is a competent surety upon an appeal bond, but we think the reason and latest expression of our Supreme Court upon the question favor the view that such a person is a competent surety. Trammel v. Trammel, 15 Texas, 291; Sampson v. Solinsky, 75 Texas, 663.

We are of the opinion that the court erred in dismissing the appeal. On account of this error the judgment of the court below is reversed and the cause remanded for a trial on the merits.

*Reversed and remanded.*

Delivered October 19, 1895.