## McSPADDEN et al. v. EADS.

(Court of Civil Appeals of Texas. Amarillo. Feb. 7, 1914.)

1. JUSTICES OF THE PEACE (§ 174\*)—APPEAL—PETITION—AMENDMENT.

An amendment of the petition on appeal from a justice of the peace to the county court, which merely amplifies the statement of the cause of action alleged in the original petition, is not objectionable as pleading a new cause of action.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 665–693; Dec. Dig. § 174.\*]

2. JUSTICES OF THE PEACE (§ 174\*)—APPEAL—AMENDMENT.

Either party to an appeal from a justice of the peace to the county court may plead new matter not presented to the justice, so long as a new cause of action is not set up by the amended pleading.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 665–693; Dec. Dig. § 174.\*]

3. JUSTICES OF THE PEACE (§ 174\*)—APPEAL—PLEADING.

The strict rules of pleading in force in the district court are not applicable to an appeal from a justice of the peace to the county court, since that court, in the trial of such an appeal de novo, sits as a justice court.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 665–693; Dec. Dig. § 174.\*]

Appeal from Collingsworth County Court; R. H. Cocke, Jr., Judge.

Action by John McSpadden and others against W. M. Eads. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

R. H. Templeton, of Wellington, for appellants. J. L. Lackey, of Wellington, for appellee.

HALL, J. [1] In the justice court of Collingsworth county the appellants recovered a judgment against the appellee for $100, with interest. The cause of action, as shown by the record from the county court, is as follows: "Suit upon contract for $100.00 of date October 25, 1912, due October 25, 1912, and interest six per cent. from date. The nature of plaintiffs' demand being in substance as follows: Suit for commission of $100.00, for procuring a buyer for the land of W. M. Eads, which W. M. Eads promised and agreed to pay to plaintiffs for said services, and plaintiffs have rendered the services as agreed to, and said $100.00 is now due them according to the agreement, and for interest thereon at six per cent. from date until collected."

Upon appeal to the county court and after jury had been impaneled and sworn to try the case, plaintiffs read their original petition, being an amplified statement of the cause of action, as shown by the record from the justice court. At this stage of the proceedings, the defendant interposed an oral general exception to the original petition, which was sustained by the court. Plaintiffs were given leave to amend. After the amendment was filed, the defendant insisted orally that a new cause of action had been set up and that the county court did not have jurisdiction. This was also sustained by the court, and the cause dismissed at plaintiff's cost. We have read the amended pleading, and have concluded that the learned trial judge erred in dismissing the case. In Mayes v. Magill, 48 Tex. Civ. App. 548, 107 S. W. 363, it is held that, where an original petition sought a recovery upon a specified sum as commissions for procuring a purchaser for real estate, an amended petition, embodying the allegations in the original petition, but with greater amplification and additional allegations showing that plaintiffs procured a purchaser for defendant's real estate, and that defendant was indebted in the specified sum for commissions, did not set up a new and different cause of action." Thompson v. Baird, 146 S. W. 354. It was not necessary for plaintiffs to amend at all in the county court but they had the right to do so, if they saw fit. In our opinion, the amendment is based upon the identical cause of action upon which the plaintiffs recovered in the justice court.

[2] Either party may plead any new matter on appeal to the county court, though it was not presented in the justice court, so long as no new cause of action is set up by such amended pleading. Am. Com. Co. v. C., R. I. & G. Ry., 140 S. W. 377. White Dental Mfg. Co. v. Hertzberg, 92 Tex. 528, 50 S. W. 122; Mershon v. Bosley, 62 S. W. 799; Gholston v. Ramey, 30 S. W. 713; Harold v. Barwise, 10 Tex. Civ. App. 138, 30 S. W. 498; Fowler v. Michael, 81 S. W. 321.

[3] The rule is too well established to require a citation of authorities that strict rules of pleadings in force in the district court are not applicable to an appeal from the justice court to the county court, since

the county court in the trial de novo sits as a justice court.

The judgment is reversed, and the cause remanded.