DOWELL v. RETTIG et al. (No. 7036.)

(Court of Civil Appeals of Texas. Galveston. April 14, 1916. Rehearing Denied May 18, 1916.)

1. APPEAL AND ERROR ⬸46—APPELLATE JURISDICTION—AMOUNT IN CONTROVERSY.

The Court of Civil Appeals has no jurisdiction to entertain an appeal in any case where the amount in controversy does not exceed $100, exclusive of interest.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 198–201; Dec. Dig. ⬸ 46.]

2. JUSTICES OF THE PEACE ⬸174(8)—APPEAL—TRIAL DE NOVO—PLEADING.

On appeal to county court a plaintiff, by amending his pleadings, may amplify or enlarge the cause of action asserted in justice court, but cannot set up a new cause of action.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 670; Dec. Dig. ⬸ 174(8).]

3. JUSTICES OF THE PEACE ⬸174(8)—APPEAL—TRIAL DE NOVO—PLEADING.

On appeal by plaintiff from justice court an amendment to his complaint alleging false and malicious defense in justice court entitling him to additional damages is demurrable as being the assertion of a new cause of action.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 670; Dec. Dig. ⬸ 174(8).]

Appeal from Harris County Court; C. C. Wren, Judge.

Action by John Dowell against W. E. Rettig and others. Defendant appealed to county court from a judgment for plaintiff in justice court, and from a judgment in that court for defendant on trial de novo, plaintiff appeals. Appeal dismissed.

John Dowell, of Houston, in pro. per. D. E. Simmons, of Houston, for appellees.

McMEANS, J. John Dowell brought this suit in the justice's court against W. E. Rettig and wife as principals, and H. A. Stoddard as guarantor, to recover $72.50 alleged to have been due by Rettig and wife to Stoddard as commissions for the sale of certain personal property, and which account was sold to the plaintiff by Stoddard, the latter guaranteeing the payment of the same. Upon a trial in the justice court the plaintiff recovered judgment for the amount sued for against Rettig and against Stoddard on his guaranty, and judgment was rendered in favor of Mrs. Rettig. The defendant Rettig appealed to the county court at law of Harris county, and upon a trial de novo in that court before a jury a judgment was rendered

in his favor. From that judgment the plaintiff, John Dowell, has appealed.

[1] This court has no jurisdiction to entertain an appeal in any case where the amount in controversy does not exceed $100, exclusive of interest. Recognizing this fact the plaintiff, appellant here, to sustain his appeal relies upon his pleading after the case had reached the county court, of an additional cause of action to that asserted in the justice court for actual and exemplary damages. The pleading is as follows:

"And plaintiff further replying says that defendant W. E. Rettig's defense in this case is false and fictitious and the same was willfully and maliciously made to delay this case and to put plaintiff to all the expense he could; that plaintiff has attended court some 25 days, of the value of $1 per day and damages in this sum, for which he sues; that because it was willfully and maliciously done and perpetrated on plaintiff's gross offense and injustice he asks as exemplary damages $50 and for which he sues."

A general demurrer to this pleading was sustained by the court, and of which appellant makes no complaint in any assignment of error presented in his brief.

[2] There is no question of the right of a plaintiff on appeal to the county court to amplify or enlarge the cause of action asserted by him in the justice court by an amendment of his pleadings, but while this is true, it is also unquestionably the law that the plaintiff cannot by amendment or otherwise set up a cause of action in the county court that was not asserted by him in the justice court. Blanton v. Langston, 60 Tex. 149; Wall v. Melton, 94 S. W. 358; Downtain v. Connellee, 2 Tex. Civ. App. 95, 21 S. W. 56.

[3] That the damages pleaded by appellant in the county court was not an amplification or enlargement of the cause of action asserted in the justice court, viz., for the recovery of commissions for the sale of personal property, is apparent. The court by sustaining the general demurrer to the claim for damages very properly struck the newly asserted cause of action from the case, thus leaving, as the only question to be determined, the plaintiff's right to recover $72.50 upon the original cause of action asserted by him. This being true, the amount in controversy was not sufficiently large to confer jurisdiction upon this court to revise the judgment of the county court. Because of the want of jurisdiction of this court the appeal is dismissed.

Dismissed.

⬸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes