## MEREDITH v. BELL. (No. 653.)

Court of Civil Appeals of Texas. Waco. May 24, 1928.

Rehearing Denied June 21, 1928.

**1. Appeal and error ⬅️792—Court of Civil Appeals must dismiss appeal without formal motion, where record shows lack of jurisdiction.**

Where record shows that Court of Civil Appeals is without jurisdiction, it is duty of such court to dismiss appeal notwithstanding that no formal motion to dismiss is filed.

**2. Justices of the peace ⬅️174(10)—Party may amplify allegations of damage on appeal to county court.**

Party seeking recovery in justice court, either by suit or cross-action, may amplify and enlarge allegations of damage on appeal to county court, provided such enlargement does not constitute new cause of action, and provided recovery sought does not exceed jurisdiction of court below.

**3. Justices of the peace ⬅️174(10)—On appeal to county court from justice court in action for title and possession of cow, increase of cow and value of use pending appeal held properly set up.**

Where plaintiff sued in justice court to recover title and possession of cow, value of increase of such cow and value of her use pending appeal to county court were natural outgrowth of original cause of action, and were properly set up in county court.

**4. Justices of the peace ⬅️141(4)—Amount in controversy in county court on appeal from justice court is aggregate amount at time of trial of properly pleaded demands (Rev. St. 1925, art. 1819, subd. 2).**

Amount in controversy in county court on appeal from justice court was aggregate amount at time of trial of plaintiff's properly pleaded demands, and if aggregate amount of such demands exceeded $100, Court of Civil Appeals has jurisdiction of appeal under Rev. St. 1925, art. 1819, subd. 2.

**5. Appeal and error ⬅️759—Reviewing court is limited to fundamental error where appellant does not copy assignments of error.**

Where appellant files brief in Court of Civil Appeals without copying therein any assignment of error, reviewing court is limited in consideration of case to such errors as are apparent on face of record and are in their nature fundamental.

**6. Justices of the peace ⬅️146(1)—Justice court judgment in which sureties on defendant's replevy bond were not named and disposed of held appealable.**

Judgment rendered and entered in justice court held not insufficient to support appeal, because sureties on defendant's replevy bond were not named and disposed of in such judgment.

**7. Justices of the peace ⬅️159(5)—Sureties on defendant's replevy bond in justice court, though parties to judgment, may be sureties on appeal bond if not joining as principals.**

Sureties on defendant's replevy bond in justice court, though parties to judgment, are competent sureties on defendant's bond on appeal to county court, where they do not join as principals in appeal bond.

**8. Justices of the peace ⬅️159(4)—On appeal to county court defendant need not make appeal bond payable to sureties on replevy bond.**

Defendant in justice court may appeal to county court by making appeal bond payable to plaintiff alone, even though judgment was rendered against sureties on defendant's replevy bond, it not being necessary for defendant to have appeal bond made payable to sureties as codefendants in judgment.

Appeal from Navarro County Court; Warren Hicks, Judge.

Action by Thomas Meredith against Overton Bell, brought in justice court. Judgment for plaintiff, and he appealed to the county court. Judgment for defendant, and plaintiff appeals. Affirmed.

Callicutt & Upchurch, of Corsicana, for appellant.

Jester & George, of Corsicana, for appellee.

GALLAGHER, C. J. This suit was instituted by appellant, Thomas Meredith, in the justice court, to recover of appellee, Overton Bell, the title and possession of one cow of the alleged value of $60. Appellant sequestered the cow, and appellee replevied. The sureties on appellee's replevy bond were J. L. Bell and L. W. Edwards. The trial in the justice court resulted in a judgment in favor of appellant for the title and possession of said cow. Said

cow was valued in the judgment at $60, and a writ of possession for her restoration to appellant was awarded. No reference to the issuance of sequestration proceedings appears in the transcript, and no judgment on the replevy bond was rendered. Appellee appealed to the county court. The sureties on his appeal bond were the same as on his replevy bond. Appellant moved to dismiss the appeal on the ground that the judgment of the justice court was not final, because it did not dispose of the sureties on appellee's replevy bond, and on the further ground that said sureties were parties adversely interested and were not made payees in said appeal bond. Appellant amended his demand in the county court and alleged that the value of said cow was $75; that pending the appeal she had had twin calves of the value of $15 each; and that the value of her use during such time was $50— for all of which he sued.

The case was tried before the court. He overruled appellant's motion to dismiss the appeal and rendered judgment for appellee.

## Opinion.

[1-4] Appellee contends that the record in this case shows that this court is without jurisdiction of this appeal. If this contention were correct, it would be our duty to dismiss the same, notwithstanding no formal motion to dismiss has been filed. The only matter in controversy in the justice court was the cow sued for, or her value, which was alleged to be $60. Appellant's amended pleadings, filed for the first time in the county court, raised his demand to $155, an amount sufficient to confer upon this court jurisdiction to review on appeal the judgment rendered by the county court herein. R. S. art. 1819, subd. 2. Appellee's contention is based on the theory that the jurisdiction of this court is determined by the amount of value in controversy in the justice court, and that appellant's amendment of his demand in the county court was improper and ineffective to confer appellate jurisdiction on this court. The rule is well established that a party seeking recovery in the justice court either by suit or cross-action, may amplify and enlarge his allegations of damage on appeal to the county court, provided such enlargement does not constitute a new cause of action and provided the recovery sought does not exceed the jurisdiction of the court below. Ft. W. & D. C. Ry. Co. v. Underwood, 100 Tex. 284, 285, 286, 99 S. W. 92, 123 Am. St. Rep. 806; Shaw & Rogers v. Dockery (Tex. Com. App.) 272 S. W. 437, 438; Texas Power & Light Co. v. Hale (Tex. Com. App.) 283 S. W. 495 et seq.; City of Van Alstyne v. Morrison 33 Tex. Civ. App. 670, 77 S. W. 655, 656; Von Boeckmann v. Loepp (Tex. Civ. App.) 73 S. W. 849; Brown Grain Co. v. Tuggle (Tex. Civ. App.) 141 S. W. 821, 822; Watson v. Corley (Tex. Civ. App.) 226 S. W. 481, 482;

Dowell v. Rettig (Tex. Civ. App.) 186 S. W. 281. The value of the increase of said cow and the value of her use pending appeal were the natural outgrowth of appellant's original cause of action and were properly set up and recovery sought therefor in the county court. Hodges v. Peacock, 2 Willson, Civ. Cas. Ct. App. 727, 728, § 825; North Side Street Ry. Co. v. Want (Tex. App.) 15 S. W. 40, 41. The amount in controversy in the county court was the aggregate amount at the time of trial of appellant's properly pleaded demands. G. W., T. & P. Ry. Co. v. Fromme, 98 Tex. 459, 461, 84 S. W. 1054; Von Boeckmann v. Loepp, supra. Since the aggregate amount of such demands exceeded $100 at that time, this court has jurisdiction of this appeal.

[5-8] Appellant has filed a brief in this court, but has not copied therein any assignment of error. We are therefore limited in the consideration of this case to such errors, if any, as are apparent on the face of the record and are in their nature fundamental. Clonts v. Johnson, 116 Tex. 489, 294 S. W. 844, 846, pars. 1–3. Appellant presents only two propositions complaining of errors which may be so classed. By the first of said propositions he contends that the judgment rendered and entered in the justice court was not final and was therefore insufficient to support an appeal therefrom because J. L. Bell and L. W. Edwards, sureties on appellee's replevy bond, were not named and disposed of in such judgment, and by the second he contends that the appeal bond was insufficient because the same was not made payable to them. The transcript from the justice court contains no reference to any sequestration process, and no judgment was entered on said replevy bond either against appellee or said sureties. Appellant has cited no authority to sustain his contention that said judgment was not final nor sufficient to support an appeal therefrom to the county court. In Martin v. Berry Bros. (Tex. Civ. App.) 87 S. W. 712, the only case cited by appellant in which a failure to render judgment against the principal and sureties on a replevy bond was involved, the court considered the appeal and reversed and remanded the cause. Had the court held that the judgment appealed from lacked finality because it did not in terms dispose of the sureties on the replevy bond, it would have dismissed the appeal instead of reversing and remanding the cause. The sureties on appellee's replevy bond were also sureties on his bond on appeal to the county court. They were not parties to such judgment. Even if they had been, since they did not join as principals in the appeal bond, according to the great weight of authority they were competent sureties thereon. Trammell v. Trammell, 15 Tex. 291, 293, 294; Sampson v. Solinsky, 75 Tex. 663, 664, 665, 13 S. W. 67; Muenster v. Tremont Nat.

Bank, 92 Tex. 422, 425, 49 S. W. 362; Nabors v. McQuigg (Tex. Civ. App.) 52 S. W. 637, 638; Oliver v. Lone Star Cotton Jammers' & Longshoremen's Ass'n (Tex. Civ. App.) 136 S. W. 508, 510, par. 5; Carter v. Forbes Lith. Mfg. Co., 22 Tex. Civ. App. 373, 54 S. W. 926, 927; McClelland v. Barnard, 36 Tex. Civ. App. 3, 80 S. W. 841; Peoples v. Rodgers, 11 Tex. Civ. App. 447, 32 S. W. 798, 799; Witten v. Caspary (Tex. Civ. App.) 15 S. W. 47; Heidenheimer Bros, v. Bledsoe, 1 White & W. Civ. Cas. Ct. App. 134, § 317; Word v. Reither, 2 Willson, Civ. Cas. Ct. App. 682, § 778. Had judgment been rendered against said sureties in the justice court, appellee could have appealed therefrom by making his appeal bond payable to appellant alone. It would not have been necessary for him to have made such bond payable to them as codefendants in such judgment. Moore v. Jordan, 65 Tex. 395–396; Slayton & Co. v. Horsey, 97 Tex. 341–343, 78, S. W. 919; Lewellyn v. Ellis, 102 Tex. 297, 299, 116 S. W. 42; Martin v. Lapowski, 11 Tex. Civ. App. 690, 33 S. W. 300, 301; M., K. & T. Ry. Co. v. Mosty, 8 Tex. Civ. App. 330, 27 S. W. 1057, 1058; Carter v. Forbes Lith. Mfg. Co., supra.

The judgment of the trial court is affirmed.