

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 21, 1961

Honorable Nelson Quinn
County Attorney
Taylor County
Abilene, Texas

Opinion No. WW-1079

Re: By Article 877 of Vernon's Code
of Criminal Procedure, is the
County bound to pay a munici-
pality a portion of the fine
and court costs collected from
a defendant, who has appealed
his case from the corporation
court to the county court at
law?

Dear Sir:

This opinion is issued in response to your request for an
opinion of this office concerning whether any portion of the fines
and costs imposed on a defendant, in a case appealed from the corpo-
ration court, by the county court at law should be paid to the munici-
pality from whence the appeal comes, and if so, which part should be
so paid.

In your letter you raise the question of the ambiguity of
Article 877 of Vernon's Code of Criminal Procedure as it affects this
matter. Article 877 reads as follows:

> "Art. 877. Disposition of fees
>
> The fine imposed on appeal and the costs im-
> posed on appeal and in the corporation court shall
> be collected of the defendant, and such fine and
> the cost of the corporation court when collected
> shall be paid into the municipal treasury."

The problem is to determine which of the phrases in the first
clause is modified by the phrase, "and in the corporation court." We
think that this reference is merely to the costs on appeal and not to
the fine for three reasons:

> (1) The rule that there is a single punishment for
> a single crime indicates that one of the fines, either
> the one assessed in the corporation court, or the one
> on appeal must be a nullity, and since the whole in-
> tendment of the trial de novo is to assess a new fine
> or to set the defendant at liberty, the nullity must
> be the corporation court fine.

(2)  Had the Legislature intended to refer to both fines and both sets of costs, it would have phrased its intent by some such construction as, "the fines and costs imposed on appeal and in the corporation court . . ."

(3)  Our Court of Criminal Appeals has held that a trial de novo wholly obliterates the action of the corporation court, Ex parte Jones, 128 Tex. Crim. 380, 81 S.W.2d 706, wherein it is said: ". . .we deem it only necessary to say that the language of our Constitution and statutes above quoted is so plain as to almost demand apology for an argument or any other citation.  A trial de novo literally is a trial from the beginning as if no former trial had been had.  Each step taken necessary to the joining of the issue in the superior court--just as in the lower--must be gone through with in the superior court as if there had been no trial at all in the lower court.  If we may be pardoned for saying so, the complaint must be read or waived, such plea entered as the accused sees fit, and the evidence must be heard, and the verdict and judgment rendered in accordance with law in the superior court, without regard to the evidence, plea, or manner of conduct the trial took in the lower court.  Shultz v. Lempert,  55 Tex. 273; Harrold v. Barwise, 10 Tex. Civ. App. 138, 30 S.W. 498; San Saba Water C. & Imp. Dist. v. Sutton, (Tex. Civ. App.) 8 S.W.2d 319; Morton Salt Co. v. Wells, (Tex. Civ. App.) 35 S.W.2d 454.  All of which means a trial in the county court of the entire case anew as if there had been no trial below.  See Giles v. Shaw, 146 Okl. 28, 203 P. 1103.  In Kirksey v. State, 58 Tex. Cr. R. 188, 125 S.W. 15, Judge Davidson said, when an appeal from conviction in justice court is taken to the county court, the case shall be tried as if it has never been tried.  Again, in Martoni v. State, 74 Tex. Cr. R. 64, 166 S.W. 1169, the same great judge said that our statute provides that when conviction occurs in an inferior court and appeal is prosecuted to the county court, the trial in the county court shall be as if there had been no trial in the justice court."

Having determined that the legislative intent as to fines concerns itself only with the fine imposed on appeal, the question occurs as to the disposition of such fine.  Article 877 says the fine

is to be paid, along with the costs of the corporation court into the municipal treasury.  The fine assessed on appeal is in lieu of and substituted for the fine imposed by the corporation court.

It is suggested that Article 877 might contravene Section 24 of Article 16 of the Constitution of Texas.  That Section lays down this rule:

> "The Legislature shall make provisions for laying out and working public roads, for the building of bridges, and for utilizing fines, forfeitures, and convict labor to all these purposes."

There are several reasons why we do not find the language in this Section controlling.

First, the very language of the Section implies that the Section is not self-operating.  It says, "The Legislature shall make provisions. . .".  The natural implication of this language is that broad discretion is left to the Legislature as to the means, character, and proportion of fines, etc. to be used on roads.

Secondly, this Section, if it were to be interpreted as invalidating Article 877, would have to be shown to be an earmarking of the funds and labor so derived.  Earmarking of funds is know to be among the poorest methods of financial control.  The gross inefficiency that derives from this practice is detrimental to the interests of the people, and this fact must have been known to the framers of this Section.  It follows, therefore, that the intent of the framers must have been to utilize only such fines, forfeitures, and convict labor as was necessary to the maintenance of the public roads.

Thirdly, at the time of the enactment of this Section, which was a part of the original Constitution of 1876, we are informed by the learned annotator of the Vernon's Texas Constitution, ". . . the demoralization following the Civil War led to an unprecedented disregard for law, and to an increased number of arrests and convictions.  The prison population trebled in a single year, and additional employment for convicts had to be found.  It was thought that road building might take care of this problem. . .".  Since some convicts simply cannot be used on roadwork, e.g. those under penalty of death, females, the ill, it follows that the framers did not intend that all the available convict labor should be used in this way.  Indeed, we cannot assume that the framers would have intended to put the State in the position of the Sorcerer's Apprentice.  We think that the framers likewise did not intend to channel all the fines and forfeitures that may be derived, from whatever source, into the support of the public roads.

For the reasons stated, it is the opinion of the Attorney General that Article 877, V.C.C.P. means that upon conviction after a trial de novo from the Corporation Court, three items shall be collected of the defendant, to-wit:  (a)  the costs incurred in the Corporation Court,  (b) the costs incurred in the County Court, and (c) the fine imposed on appeal by the County Court.  It is further the opinion of the Attorney General that of these, the County is to keep only the costs incurred in the County Court and the County is to pay over to the municipal treasury the costs incurred in the Corporation Court and the fine imposed by the County Court on appeal.

## SUMMARY

Article 877 of Vernon's Code of Criminal Procedure means that when a case is appealed from a Corporation Court for trial de novo before the County Court and a conviction results in the County Court, three items are to be collected of the defendant, and these are the costs incurred in the Corporation Court, the costs incurred in the County Court, and the fine imposed on appeal by the County Court; and it is the duty of the County to pay over to the municipal treasury the costs incurred in the Corporation Court and the fine imposed on appeal by the County Court.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John E. Leonarz
Assistant Attorney General

JEL/br

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Linward Shivers
William R. Hemphill
Thomas Burrus
William H. Pool

REVIEWED FOR THE ATTORNEY GENERAL
By:  Morgan Nesbitt